**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1046-24

JORGE REMACHE-ROBALINO,

    Plaintiff-Appellant,

v.

NADER BOULOS, M.D., LANI
MENDELSON, M.D., and ST.
JOSEPH'S REGIONAL MEDICAL
CENTER,

    Defendants-Respondents.

_____

Argued February 10, 2025 – Decided February 19, 2025

Before Judge Sabatino, Gummer, and Jacobs.

On appeal from an interlocutory order of the Superior Court of New Jersey, Law Division, Hudson County, Docket No. L-1929-19.

Christina Vassiliou Harvey argued the cause for appellant (Lomurro Munson, LLC, attorneys; Jonathan H. Lomurro, of counsel; Christina Vassiliou Harvey, of counsel and on the brief).

> Christine M. Jones argued the cause for respondents (Farkas & Donohue, LLC, attorneys; Charles E. Murray, III, of counsel and on the brief).

PER CURIAM

In this discovery dispute that returns to this court a third time,[1] plaintiff Jorge Remache-Robalino appeals the trial court's most recent order dated December 2, 2024. That order granted defendants' motion for a protective order precluding plaintiff from utilizing an audio recording device to record a neuropsychological defense medical examination ("DME") of plaintiff. Having concluded the trial court factually and legally erred in its application of the pertinent factors set forth by the Supreme Court in DiFiore v. Pezic, 254 N.J. 212 (2023), concerning such audio recording requests, we reverse.

We need not repeat here the long procedural history of this dispute. Very briefly, as described in our original consolidated opinion in DiFiore, plaintiff is "a native Spanish speaker in his mid-fifties [who] was injured when a metal fragment penetrated his right eye at work." 472 N.J. Super. at 115. He sought medical treatment with defendants, who failed to discover the fragment. "Allegedly due to this failure, [plaintiff] went blind in his right eye." Ibid. "He

---

[1] See DiFiore v. Pezic, 472 N.J. Super. 100 (App. Div. 2022), aff'd in part and modified in part, DiFiore v. Pezic, 254 N.J. 212 (2023); Remache-Robalino v. Boulous, No. A-1248-23 (App. Div. Sept. 23, 2024).

2

A-1046-24

alleges that his condition resulted in depression, anxiety, and impaired concentration." Ibid.

Plaintiff brought this medical malpractice case against defendants. Defendants scheduled a neuropsychological DME of plaintiff with their chosen expert. The expert, citing professional standards, refused to allow plaintiff to utilize an audio recording device to preserve the events that transpired during the examination. Defendants, consequently, objected to plaintiff's use of the device. Defendants do not object, however, to the presence of a Spanish interpreter during the examination. Plaintiff, meanwhile, wants the examination audio recorded to create evidence that might be used to impeach the defense expert's recounting of what occurred during the examination.

Defendants moved for a protective order to disallow the recording. Although the judge initially assigned the motion ("the first judge") changed his mind several times about the request, he ultimately ruled to disallow use of the recording device. Plaintiff appealed, and in an opinion consolidating this case with two other cases raising similar issues, this court adopted a multi-factor test for such requests for recording or the presence of third-party observers at such DMEs. DiFiore, 472 N.J. Super. at 106-07. On review, the Supreme Court modified the multi-factor test, most notably in shifting the burden to defendants

3

to justify the disallowance of recording or third-party observers.  <u>DiFiore</u>, 254 N.J. at 233.  Thereafter, the Supreme Court revised <u>Rule</u> 4:19 to reflect its holding in <u>DiFiore</u>.

The ongoing dispute in this case[2] was remanded to the trial court for an application of the new standards.  The matter was reconsidered by the first judge, who again concluded a protective order banning the recording was warranted.  On appeal in our September 2024 unpublished opinion in <u>Remache-Robalino</u>, we vacated that ruling because on remand the first judge had not explicitly analyzed and applied the various factors mandated in <u>DiFiore</u>.  Slip op. at 5.  We directed that a different judge ("the second judge") be assigned to review the matter anew.

After being supplied with additional submissions, the second judge decided the matter on the papers and granted defendants the protective order in a December 2, 2024 order.  That order contained a ten-page statement of reasons explaining why some of the <u>DiFiore</u> factors weighed against allowing the recording and others weighed in favor of it.  On balance, the second judge concluded the factors weighed against permitting the recording.

---

[2]  We are advised that the companion cases have resolved.

Plaintiff moved for emergent relief before this court and then the Supreme Court, and this court granted leave to appeal the December 2, 2024 order following the Supreme Court's direction that we consider doing so. We have the benefit of additional briefing and another appellate oral argument.

In considering the present appeal, we recognize the deference ordinarily afforded on appeal to trial court decisions on discovery matters. Hammock by Hammock v. Hoffmann-Laroche, 142 N.J. 356, 380 (1995). We are mindful that such discovery rulings generally should not be disturbed unless the trial court has misapplied its discretion. Pomerantz Paper Corp. v. New Cmty. Corp., 207 N.J. 344, 371 (2011). Such a misapplication of discretion may be evident where, for example, the trial court has mistakenly perceived relevant facts within the record, Sipko v Koger, Inc., 251 N.J. 162, 170 (2022), or where the court has applied an incorrect legal standard, Hassan v. Williams, 467 N.J. Super. 190, 214 (App. Div. 2021).

A critical facet of the December 2, 2024 decision is the following passage:

> [T]he Court here does not find there is evidence in this record to substantiate Plaintiff's assertions that he suffers from cognitive limitations. See DiFiore, 254 N.J. at 234. Despite Plaintiff's bare allegations that he suffers from forgetfulness and impaired memory, there is no evidence set forth by Plaintiff to show that he would suffer from cognitive limitations that would

> otherwise <u>profoundly contribute</u> to the power imbalance between a plaintiff and an examiner.
>
> [(Emphasis added).]

As plaintiff has pointed out, the above passage is mistaken in several important respects. The record reveals that plaintiff's assertion of cognitive impairment is not founded upon bare allegations. To the contrary, the record contains reports by Dr. Jorge Quintana, M.D., dated February 26, 2020, and Dr. Jarret N. Tosk, M.D., dated April 22, 2021. Dr. Quintana's report attests that plaintiff exhibits "moderate" or "mild" indicia of cognitive impairment.[3] Dr. Quintana's report also expressly substantiates plaintiff's difficulties with recollection. Dr. Tosk's report cross-references Dr. Quintana's findings, and independently confirms plaintiff has significant psychiatric impairment.

Such cognitive impairments and memory deficits would impede plaintiff's ability to effectively rebut at trial, as may be needed, the examining doctor's contentions about what actually transpired at the examination. For example, if the doctor testified or stated in his report that the examination lasted a full hour,

---

[3] We need not detail comprehensively in this posted opinion the specifics of the psychological findings, which were provided in plaintiff's confidential appendix. See R. 1:38-3(a)(2) (protecting medical, psychiatric, psychological, and similar records, reports, and evaluations); see also R. 1:38-1A (affording courts discretion on how much to refer to information from records excluded from public access).

A-1046-24

plaintiff foreseeably could have difficulty disproving that duration without the objective evidence of the audio recording showing exactly how many minutes had elapsed. To be sure, we are not foreclosing defendants' ability to show at trial that plaintiff's alleged condition is exaggerated or not credible, but such competing positions must await the ultimate assessment of the finder of fact.

Additionally, the December 2, 2024 decision errs in the legal standard it applies. The Court in DiFiore did not impose a burden on plaintiffs to establish that their cognitive limitations would "profoundly" contribute to a power imbalance. More precisely, what the Court observed is that "especially for plaintiffs with alleged cognitive limitations, psychological impairments, or language barriers, a DME reflects a profound power imbalance between the plaintiff and a medical professional . . . ." Id. at 234 (emphasis added). The Court was speaking in this context in generic terms. We do not read it as imposing a special burden on plaintiffs to prove their cognitive impairments rise to a "profound" level of severity. Indeed, the Court reversed this court and shifted—in all cases—the burden of persuasion from plaintiffs who seek DME recordings and observers to defendants who resist such measures. Id. at 233.

Moreover, apart from cognitive limitations, the Court's quoted passage also alternatively encompasses "language barriers," which indisputably exist

here. It is certainly conceivable that, given the vagaries of translated foreign language, plaintiff might misunderstand what is said during the examination, even with the benefit of the interpreter on site. See State v. Dabas, 215 N.J. 114, 138-39 (2013) (underscoring the importance of verbal precision in legal disputes). The audio recording can be replayed and checked to assure what words were actually uttered—both in Spanish and English.

Because of these errors, we are constrained to conclude the trial court's balancing of factors cannot be sustained with confidence. Mindful the issue has been presented to the trial court about a half-dozen times with various motions, reconsiderations, and remands, we exercise our original jurisdiction and reverse the December 2, 2024 order. Based on the record here as amplified on remand, the balance of the DiFiore factors manifestly reflect that defendants have not met their burden. The examination shall proceed forthwith with the use of an audio recorder. If the chosen defense expert is unwilling to proceed on that basis, the trial court shall provide defendants with a reasonable opportunity to designate a substitute.

Reversed and remanded. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1046-24